UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDY CRUZ, | : | CIVIL ACTION |
|     Plaintiff | : | NO. 304CV1119 (SRU) |
| | : | |
| V. | : | |
| | : | |
| JULIE L. BEHNKE & BOSTON | : | |
| MARKET CORP. | : | JULY 15, 2004 |
|     Defendants | : | |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BOSTON MARKET'S MOTION TO DISMISS COUNT THREE OF PLAINTIFF'S COMPLAINT

**I.     Introduction**

This is an employment dispute. Plaintiff Randy Cruz ("Cruz") alleges that his former employer Boston Market Corporation ("Boston Market") and a managerial employee, Julie Behnke ("Behnke"), falsely accused him of having lied on his employment application by not disclosing that he had been convicted of two felonies which, in turn, he claims, resulted in the wrongful termination of his employment. As discussed below, these allegations, even if true, do not implicate an important public policy sufficient to state a cause of action for wrongful termination.

**II.     Statement of Facts**

Plaintiff alleges that on January 25, 2002, he applied to work at a Boston Market restaurant in Newington, Connecticut, and was hired the same day. (Complaint ("Compl."), Count One, ¶¶ 4, 6). On his application he stated that he had never been convicted of a felony. (Compl., Count One, ¶ 5).

Plaintiff further alleges that on June 5, 2002, Boston Market published that he had lied on his application and that he had been convicted of two felonies - - larceny and criminal impersonation. (Compl., Count Four, ¶ 10). He claims that this publication was false and malicious. (Compl., Count Four, ¶ 11). Plaintiff also alleges that on June 10, 2002 defendant Behnke (a regional manager for Boston Market) advised plaintiff that he had been convicted of two felonies and, therefore, had lied on his application. She then told him he was fired. (Compl., Count One, ¶ 8). Based upon these limited factual allegations, plaintiff claims that he was slandered by Boston Market and Ms. Behnke (Counts One and Two), wrongfully terminated by Boston Market (Count Three) and libeled by Boston Market (Count Four). Boston Market moves herein to dismiss Count Three of the Complaint.

### III.   Argument

#### A.   Standard for a Motion to Dismiss

"The Court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Festa v. Local 3, Int'l Bd. of Elec. Workers, 905 F.2d 35, 37 (2d Cir. 1990). All reasonable inferences are to be drawn in favor of the plaintiff. Papasan v. Allain, 478 U.S. 265 (1986). While the allegations of a complaint must be accepted as true and liberally construed, a motion to dismiss should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Oliver Schools, Inc. v. Foley, 930 F.2d 248 (2d Cir. 1991). Here, even taking the allegations of the Complaint as true, plaintiff can prove no set of facts that would entitle him to relief.

### B. The Allegations of Count Three Fail to Implicate an Important Public Policy Sufficient to Support a Claim for Wrongful Termination

The allegations of the Complaint can be fairly read to allege that Boston Market wrongfully terminated plaintiff on the basis of allegedly malicious and false accusations that he had lied on his employment application and had been convicted of a felony.[1] It is, however, difficult to discern from the Complaint whether plaintiff's wrongful termination claim is based upon the allegedly wrongful accusation of criminal conduct, lying upon his application, or both. In any case, such allegations do not allege violation of an important public policy sufficient to fall within the narrow public policy exception to at-will employment and, therefore, Count Three should be dismissed.

Plaintiff does not allege that he was employed for a specific duration or that he could only be terminated for specified reasons. In Connecticut, employment that is of indefinite duration is at-will, meaning that either party may terminate the employment relationship at any time and for any reason. See Burnham v. Karl and Gelb, 252 Conn. 153, 158-59 (2000).

In Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 475 (1980), the Connecticut Supreme Court recognized a cause of action in tort for wrongful discharge where a "former employee can prove a demonstrably improper reason for dismissal whose propriety is derived from some important violation of public policy" (emphasis in original). Public policy can be found in express statutory or constitutional provisions, or in judicially conceived notions of public policy. Morris v. Hartford Courant Co., 2000 Conn. 676, 680 (1986).

In interpreting the public policy exception to the at-will employment relationship, courts in Connecticut have "[adhered] to the principle that the public policy exception to the general

---

[1] Defendant strongly disputes that it made any false accusations much less that it did so maliciously.

rule allowing unfettered termination of an at-will employment relationship is a narrow one." Cimochowski v. Hartford Pub. Sch., 261 Conn. 287, 306 (2002) (quoting Burnham v. Karl & Gelb, P.C., 252 Conn. 153, 159 (2000)). Thus, courts have been mindful to not "lightly intervene to impair the exercise of managerial discretion or to foment unwarranted litigation." Burnham, 252 Conn. at 159. A plaintiff asserting a cause of action for wrongful termination "has the burden of proving a violation of *important* public policy." Cimochowski v. Hartford Pub. Sch., 261 Conn. 287, 306 (2002) (emphasis in original). Thus, "[u]ntil the legislature or the supreme court finds otherwise, the Superior Court should not undermine the well established rule that an employee at will is terminable at will." Sachtjen v. Saverin, CV 990364004S, 2000 Conn. Super. LEXIS 11, *10 (Conn. Super. Ct. Jan. 5, 2000).[2] "The question whether a challenged discharge violates public policy … is a question of law to be decided by the court." Faulkner v. United Technologies, Corp., 240 Conn. 576, 588 (1997).

Although no Connecticut appeals court has addressed a case on all fours with the allegations of this case, the Morris case is close. In Morris, the Connecticut Supreme Court affirmed the granting of the defendant employer's motion to strike holding that the employer's allegedly negligent failure to investigate allegations that the plaintiff had misappropriated company funds prior to terminating him did not state a cause of action for wrongful termination. In so doing, the Court held that "a false but negligently made accusation of criminal conduct as a basis for dismissal is not a 'demonstrably improper reason for dismissal and is not derived from some important violation of public policy.'" Id. at 680. Because the complaint in Morris alleged only negligent conduct, the Court had no occasion to consider whether false accusations made knowingly or recklessly would have stated a viable cause of action for wrongful

---

[2] Copies of all unreported decisions cited herein are attached hereto as Exhibit A.

- 4 -

termination. Id. at 680. There is, however, nothing within the Court's decision in Morris to suggest that bare and conclusory allegations that false accusations were made maliciously, such as those alleged in this case, should yield a different result. See, e.g., Reed v. Ritz Camera & Video Ctr., CV89-0258480, 1989 Conn. Super. LEXIS 148, *3 (Conn. Super. Ct. Nov. 9, 1989) ("While Morris did not deal with . . . a charge [of criminal conduct] knowingly and willfully made, this court is not of the opinion that such a distinction, i.e., willful versus negligent, should call for a different result."). Indeed, permitting such cases to proceed to trial based merely upon conclusory assertions of malice or recklessness would undoubtedly serve to "foment unwarranted litigation" by at-will employees who dispute their employers' stated reasons for termination. Because the reasoning of Morris is equally applicable here, plaintiff's allegations that Boston Market maliciously and falsely accused him of having been convicted of a crime and/or lying on his employment application do not constitute a demonstrably improper reason for discharge nor do they derive from an important public policy.

The substantial majority of lower courts considering the issue in Connecticut have held that false accusations of criminal activity, even when alleged to have been made knowingly or recklessly, do not create a viable cause of action for wrongful termination.[3] See, e.g., Mendez v. Von Roll Isola USA, Inc., CV020462113, 2002 Conn. Super. LEXIS 3616, *9 (Conn. Super. Ct. Nov. 12, 2002) (allegations of false accusation of commission of larceny resulting in termination stricken for failing to state a cause of action for wrongful discharge); Sachtjen, 2000 Conn. Super. LEXIS at *10 (false accusations of conversion of business plans for own business

---

[3] Boston Market has not located any cases applying Connecticut law that have considered whether false accusations that the employee lied on an employment application can support a cause of action for wrongful termination. At least one court, however, has held that falsely accusing an employee of lying implicates no important public policy. Deura v. Greenwich Hosp., D.N. CV940140029S, 1995 Conn. Super. LEXIS 1171, *6 (Conn. Super. Ct. Apr. 4, 1995) (holding that "plaintiff's allegations that the defendant negligently investigated his injuries and made false allegations about his veracity do not 'implicate an important violation of public policy'").

purposes do not state a cause of action for wrongful discharge); Casper v. Combustion Engineering, Inc., CV97057051S, 1998 Conn. Super. LEXIS 1883 (Conn. Super. Ct. June 23, 1998) (luring employee into signing false statement admitting to accepting bribes and having an inappropriate relationship and then terminating him based on the affidavit did not state a cause of action for wrongful discharge); Fiorella v. Galena Assocs., LLC, CV 970343514, 1997 Conn. Super. LEXIS 3101 (Conn. Super. Ct. Nov. 21, 1997) (reckless, false accusations of theft by an employer do not violate an important public policy such that the traditional at will doctrine is inapplicable); Cuomo v. Blue Cross Blue Shield of Connecticut, Inc., No. 374864, 1996 Conn. Super. LEXIS 1134 (Conn. Super. Ct. Apr. 26, 1996) (holding that there is no cause of action in Connecticut for wrongful termination in violation of an important public policy based on allegations that the employer falsely accused the plaintiff of criminal misconduct, regardless of whether the false accusation was made negligently or intentionally); Reyes v. Ames Department Stores, Inc., No. 109112, 1994 Conn. Super. LEXIS 141 (Conn. Super. Ct. Jan 18, 1994) (since accusations of theft do not rise to a violation of an important public policy, plaintiff did not sufficiently allege cause of action for wrongful discharge); Rafael v. St. Vincent's Med. Ctr., No. CV 28 77 05, 1993 Conn. Super. LEXIS 2212 (Conn. Super. Ct. Aug. 26, 1993) (defendant's actions with respect to the discharge, including making false accusations of theft and dishonesty, did not rise to level of violation of important public policy); Reed, 1989 Conn. Super. LEXIS at * 3 (falsely accusing employee of theft of camcorder insufficient to state cause of action for wrongful discharge).[4]

---

[4] Courts ruling the other way are few and far between and the issues generally are distinguishable from those presented in the case at bar. In Apicella v. Driver Logistic Servs., Inc., CV 010450101S, 2002 Conn. Super. LEXIS 2767 (Conn. Super. Ct. Aug. 19, 2002), for example, the Superior Court held that a plaintiff could state a cause of action for wrongful termination based on a false accusation that he had failed a drug test. In doing so, the court cited to Connecticut's drug test statute, which prohibits termination of an employee for a positive drug test unless there was a positive result on that drug test and the result had been confirmed by a second drug test. Id. at *13-16. As the

As several of these courts have observed, cognizable claims of wrongful termination tend to vindicate two types of important public policies, neither of which would include false accusations of criminal conduct, even if maliciously made. For example, the underlying rationale of the original wrongful discharge case of Sheets was "to protect employees from being put in the position of choosing between employment and criminal acts." Fiorella, 1997 Conn. Super. LEXIS at *8. Other viable wrongful discharge cases have arisen in the context of employers discharging employees for exercising their rights as citizens. These rights have included, inter alia, attending jury duty,[5] reporting manufacturing or safety concerns,[6] filing a workers' compensation claim,[7] or engaging in union activity.[8]

Here, in contrast, plaintiff was not forced to choose between employment and engaging in criminal acts. Nor was he discharged for exercising his rights as a citizen. He was, instead, discharged for the (allegedly false) reasons either that he had been convicted of two felonies, or that he had lied on his employment application by representing that he had never been convicted of a felony, or both. Plaintiff has failed to identify the public policy that these actions allegedly implicate much less plead facts to demonstrate that it is an important one. In the absence of a legislative pronouncement or a decision by the Connecticut appellate courts, conclusory allegations that plaintiff was terminated based upon false and malicious accusations of lying or

---

employer had terminated the plaintiff by falsely claiming that the drug test had come back positive when it had not, the court concluded that the allegations, if true, could support a finding that the employer had violated the public policy embodied in the drug test statute. Id. Likewise in Thomes v. Clairol, Inc., CV 000181452S, 2001 Conn. Super. LEXIS 1363 (Conn. Super. Ct. May 17, 2001), the Superior Court held that termination resulting from allegedly false accusations of sexual harassment were actionable where the plaintiff employee alleged that he had been terminated because he had notified the company that there were potential manufacturing and safety violations at the Clairol plant. Thus, in Thomes, it was the alleged inability to report safety violations without retaliation, not the wrongful accusation of sexual harassment itself, that stated a violation of important public policy. Id. at *7-8.

[5] Miller v. Alpha Sys., Inc., Docket No. 117227, 1995 Conn. Super. LEXIS 522 (Conn. Super. Ct. Feb. 25, 1995).
[6] Thomes v. Clairol, Inc., CV000181452S, 2001 Conn. Super. LEXIS 1363 (Conn. Super. Ct. May 17, 2001).
[7] Sheets, 179 Conn. at 476-77.
[8] Id.

criminal activity or lying on his employment application do not, as a matter of law, state a viable cause of action for wrongful termination.

### III. Conclusion

For the reasons stated above, Boston Market respectfully urges this Court to grant its Motion to Dismiss Count Three of the Complaint.

                          Respectfully submitted,

                          DEFENDANT
                          BOSTON MARKET CORPORATION

By: _____
            Beverly W. Garofalo (ct11439)
            Nicole J. Anker (ct20110)
            Brown Raysman Millstein Felder & Steiner
            CityPlace II, 10th Floor
            185 Asylum Street
            Hartford, CT 06103
            860-275-6400
            860-275-6410 (fax)

## CERTIFICATION

This is to certify that on this 15th day of July 2004, I hereby mailed a copy of the foregoing Defendant Boston Market's Memorandum of Law in Support of Motion to Dismiss Count Three of Plaintiff's Complaint via first class mail, postage prepaid to:

**Plaintiff's Attorney**

Joseph L. Dix, Esq.
Law Offices of Donald E. Weisman
59 Hungerford Street
Hartford, CT 06106

                                               /s/ Nicole Anker
                                               Nicole J. Anker