UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RANDY CRUZ,<br>      Plaintiff | CIVIL ACTION<br>NO. 304 CV 1119 (DJS) |
| V. | |
| JULIE L. BEHNKE & BOSTON<br>MARKET CORP.,<br>      Defendants | MARCH 10, 2005 |
| V. | |
| CHOICEPOINT, INC. f/k/a BTi,<br>      Third Party Defendant | |

## THIRD PARTY COMPLAINT

Third Party Plaintiffs Julie L. Behnke ("Ms. Behnke") and Boston Market Corporation ("Boston Market"), pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, by and through their attorneys Brown Raysman Millstein Felder & Steiner, LLP, hereby submit this Third Party Complaint against Third Party Defendant ChoicePoint, Inc. f/k/a BTi ("ChoicePoint") and allege as follows:

### NATURE OF THE ACTION

1.    Boston Market and Ms. Behnke assert this Third-Party Complaint for indemnification or contribution against ChoicePoint, because ChoicePoint is or may be liable to Boston Market and Ms. Behnke should Mr. Cruz recover from Boston Market and Ms. Behnke in this action.

## THE PARTIES

2. Third Party Plaintiff Boston Market is a corporation existing under the laws of the state of Colorado, with its principal place of business located at 14103 Denver West Parkway, Golden, Colorado.

3. Third Party Plaintiff Ms. Behnke is an individual resident of Pennsylvania.

4. Upon information and belief, Third Party Defendant ChoicePoint, formerly known as BTi, is a corporation existing under the laws of the state of Georgia with its principal place of business at 1000 Alderman Drive, Alpharetta, Georgia, 30005.

5. The original Plaintiff to this action is Randy Cruz, an individual. Upon information and belief, Mr. Cruz is a citizen of Connecticut and resides at 16 Rockingham Street, Hartford, Connecticut 06114.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the third-party complaint: (a) pursuant to 28 U.S.C. § 1367(a) because these impleader claims are related to the claims asserted in the Complaint so that this Court has supplemental jurisdiction over them; and (b) pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. The events in question took place in Connecticut and, upon information and belief, ChoicePoint does business in Connecticut. Venue, therefore, is properly before the District of Connecticut.

## FACTUAL BACKGROUND

8.   On or about June 8, 2004, Randy Cruz filed a complaint against Boston Market and Julie Behnke in the Superior Court for the State of Connecticut, Judicial District of Hartford.

9.   On July 8, 2004, Boston Market and Julie Behnke removed the action to the United States District Court for the District of Connecticut.

10.   On July 15, 2004, Julie Behnke filed her answer to the Complaint. Boston Market filed its answer to the Complaint on March 4, 2005.

11.   In January, 2002, Mr. Cruz applied to work for Boston Market in its Newington, Connecticut restaurant and, as part of the application process, he was required to fill out an application form. On the application form, was the question: "Have you ever been convicted of a felony?" to which Mr. Cruz answered: "No."

12.   After applying, Mr. Cruz was hired to by Boston Market to work in its Newington restaurant.

13.   Mr. Cruz later sought a promotion to the position of hourly shift manager. As part of the promotion process, in or about June, 2002, Boston Market requested that ChoicePoint perform a background check on Mr. Cruz.

14.   ChoicePoint reported to Boston Market that its criminal records search revealed that Mr. Cruz had been convicted of two felonies: larceny and criminal impersonation.

15.     Reasonably relying on ChoicePoint's representation regarding Mr. Cruz's criminal background, Boston Market concluded that Mr. Cruz had been untruthful on his employment application which, in turn, prompted Boston Market to terminate his employment.

16.     In July, 2002, after being contacted by Mr. Cruz's attorney, Boston Market requested that ChoicePoint reverify its background check. ChoicePoint's amended background check changed its listing of Mr. Cruz's convictions from felonies to misdemeanors.

17.     On or about June, 2004, Mr. Cruz sued Ms. Behnke and Boston Market alleging causes of action for slander, wrongful termination and libel.

### First Cause of Action (Negligence brought by Julie Behnke and Boston Market)

1 – 17.  Paragraphs one through seventeen are hereby incorporated as if more fully set forth herein.

18.     ChoicePoint had a duty to Boston Market and Ms. Behnke to report the status of Mr. Cruz's criminal record fully and accurately.

19.     ChoicePoint breached that duty by failing to use reasonable care or competence in falsely reporting that Mr. Cruz had been convicted of two felonies rather than reporting that he had been convicted of two misdemeanors.

20.     Ms. Behnke and Boston Market reasonably relied on ChoicePoint's faulty information in informing Mr. Cruz of the reason his employment had been terminated.

21.     As a result of Ms. Behnke's and Boston Market's reliance on ChoicePoint's incorrect information, they have incurred costs, attorneys' fees and business disruption in

defending Mr. Cruz's lawsuit for libel, slander, and wrongful termination, and potentially face liability in that action.

22. ChoicePoint's actions were negligent.

23. As a result of ChoicePoint's negligence, to the extent that Mr. Cruz obtains judgment against Boston Market and/or Ms. Behnke, then Boston Market and/or Ms. Behnke are entitled to recover that same amount from ChoicePoint, as well as their costs and attorneys' fees incurred as a result of defending Mr. Cruz's action.

## Second Cause of Action (Negligent Misrepresentation Brought by Julie Behnke and Boston Market)

1-21. Paragraphs one through twenty-one of Count One are hereby incorporated as if more fully set forth herein.

22. ChoicePoint's representation to Boston Market and Ms. Behnke that Mr. Cruz was convicted of two felonies was false, and Boston Market and/or Ms. Behnke reasonably relied upon such representation.

23. ChoicePoint knew or should have known that Boston Market and/or Ms. Behnke would rely on the information it provided to them.

24. As a result of such reasonable reliance, Boston Market and Ms. Behnke have suffered damages, including costs and attorneys' fees in defending Mr. Cruz's action, and will in the future suffer additional damages should liability be assessed against them in that action.

25. As the result of ChoicePoint's negligent misrepresentation, to the extent that Mr. Cruz obtains judgment against Boston Market and/or Ms. Behnke, then Boston Market and/or Ms. Behnke are entitled to recover that same amount from ChoicePoint, as well as their costs and attorneys' fees incurred as a result of defending Mr. Cruz's action.

## Third Cause of Action (Breach of Contract Brought by Boston Market)

1-21.   Paragraphs one through twenty-one of Count One are hereby incorporated as if more fully set forth herein.

22.   On or about January 8, 2001, Boston Market and ChoicePoint entered into a contractual relationship pursuant to a service agreement (the "Contract") whereby ChoicePoint agreed to perform criminal background activity searches for Boston Market to use as a risk management tool in screening employees.

23.   Boston Market was entitled to receive, and ChoicePoint had an obligation to provide, accurate criminal background information with regard to Boston Market's employees.

24.   ChoicePoint falsely informed Boston Market that Randy Cruz had been convicted of two felonies although he had actually been convicted of two misdemeanors.

25.   ChoicePoint's failure to provide accurate criminal background information with regard to Mr. Cruz constituted a breach of the Contract.

WHEREFORE, Boston Market and Ms. Behnke request:

1.   Compensatory damages in the amount of any costs and attorneys' fees incurred by Boston Market and Ms. Behnke in defending Mr. Cruz's action.

2.   Money damages in the amount, if any, of any money damages assessed against Boston Market and/or Ms. Behnke.

3.   Attorneys' fees and costs in the amount, if any, of attorneys' fees and costs assessed against Boston Market and/or Ms. Behnke.

4.   Punitive damages, if any, in the amount of any punitive damages assessed against Boston Market and/or Ms. Behnke.

5.   Any other relief the Court deems just and equitable.

THIRD PARTY PLAINTIFFS,
JULIE BEHNKE & BOSTON
MARKET CORP.

By   *[signature: Nicole Anker]*

                Nicole J. Anker (ct20110)
BROWN RAYSMAN MILLSTEIN
 FELDER & STEINER LLP
CityPlace II, 10th Floor
185 Asylum Street
Hartford, CT 06103
(860) 275-6400

Joel L. Finger (*pro hac vice*)
BROWN RAYSMAN MILLSTEIN
 FELDER & STEINER LLP
900 Third Avenue
New York, NY 10022-4728
(212) 895-2000
(212) 895-2900 (fax)
jfinger@brownraysman.com

7